Schumacher v. Shawhan.

JOHN R. SCHUMACHER, Respondent, v. GEORGE H. SHAWHAN, Appellant.

Kansas City Court of Appeals, April 7, 1902.

1. **Appellate Practice: EQUITY: CONFLICT OF EVIDENCE: INJUNCTION.** Where in a proceeding for injunction the evidence is seriously conflicting, the appellate court will defer to the judge who had the witnesses before him.

2. **Water and Water Courses: POLLUTING STREAM: PRESCRIPTION: DISTILLERY.** A distillery for forty years had discharged its refuse in a neighboring stream without any pollution thereof. Some two years before an application for injunction to restrain the pollution of the stream, the refuse had begun to pollute the water. *Held*, that the rightful use of the stream for carrying away the refuse had not grown into a prescriptive right to pollute the water.

3. **Easements: ESTOPPEL: ACQUIESCENCE: SCIENTER.** The owner of the servient estate has a right to presume that the improvements of the dominant estate are for a lawful purpose and not to create a nuisance, and his acquiescence in such improvements can not work an estoppel against him when they are used to create a nuisance.

4. **Injunction: POLLUTING STREAM: USE OF DISTILLERY.** A decree for an injunction is held not to interfere with the lawful use of a stream in carrying off the refuse of a distillery but to restrain the pollution of the stream.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Frank P. Sebree, Yeager, Strother & Yeager* and *Ardey Gabbert* for appellant.

(1)   Plaintiff must have established his right by an action at law, before invoking the equity powers of the court by this proceeding.   Welton v. Martin, 7 Mo. 307; Arnold v. Klepper, 24 Mo. 273.   (2)   Before the equity powers of the court to grant an injunction can be successfully invoked there must be a strong and mischievous case of pressing necessity.   No such case is made by the evidence here.   Tanner v. Wallbrunn, 77 Mo. App. 262; Elmhirst v. Spencer, 2 Mac. N. & Gor. 45.   (3)   The evidence showed that the defendant and his grantors had operated the distillery and discharged the refuse therefrom, in the manner complained of, into the stream for more than thirty years.   They had therefore acquired the right to do so, and the fact that for short periods of time the distillery was idle did not impair their right, there being no abandonment of the distillery.   White v. Chapin, 12 Allen (Mass.) 316; Ludlow Mfg. Co. v. Indian Orchard Co., 177 Mass. 61; Crossley v. Lightowler, 2 Ch. App. Cas. 478.   (4)   The plaintiff stood by and saw the defendant expending his money in building a warehouse and in repairing the distillery, and made no objection.   He must have known that the distillery was to be operated as it had been before. having kept silent and made no effort to assert his claim until these expenditures were all made, he has lost his right, if he

ever had it, to the remedy by injunction and should be re-
mitted to his action for damages. Skrainka v. Oertel, 14
Mo. App. 474; Loganport v. Uhl, 99 Ind. 531. (5) This
is an equity suit, and this court will review all the evidence
and reach its own conclusions upon it. The judgment of the
trial court is against the great weight of the evidence and
should be reversed.

*Wilson & Wilson* and *George W. Day* for respondent.

(1) The rule is now too well settled to be overturned,
that every owner of land through which a stream of water
flows is entitled to the use and enjoyment of the water, and
to have the same flow in its natural and accustomed course,
without obstruction, diversion or pollution. This right ex-
tends to the quality as well as to the quantity of the water.
10 Am. and Eng. Ency. of Law, 844; Gladfelter v. Walker,
40 Md. 1; Holsman v. Boiling Spring Bleaching Co., 14
N. J. Eq. 335; Richmond Mfg. Co. v. Atlantic DeLaine Co.,
10 R. I. 106; Baltimore v. Warren Mfg. Co., 59 Md. 96;
Wood on Nuisances, sec. 677; Chapman v. City of Rochester,
1 L. R. A. 296. (2) The pollution of water by the dis-
charge into it of sewage, or in the use of it for mechanical or
manufacturing purposes, is a nuisance, and will be enjoined,
and the magnitude of the interests involved is not to be con-
sidered. Coldsmid v. Tunbridge Wells Improvement Com-
missioners, 1 L. R. Ch. 349; Lewis v. Stein, 16 Ala. 214;
Howell v. McCoy, 3 Rawle (Pa.) 256; Barton v. Union Cat-
tle Co., 28 Neb. 350; Smith v. McConathy, 11 Mo. 517;
Cooley on Torts, 587; R. S. 1899, sec. 3649; Gordon v. Mans-
field, 84 Mo. App. 367; Turner v. Stewart, 78 Mo. 480;
Bank v. Kercheval, 65 Mo. 682; Coal Co. v. St. Louis, 130
Mo. 323; Brewing Co. v. Water Co., 34 Mo. App. 49; Webb'
v. Portland Mfg. Co., 3 Sumner 189; Angell on Watercourse,
sec. 444; Attorney-General v. Stewart, 20 N. J. Eq. 415;

Lyon v. McLaughlin, 33 Vt. 423; Gould on Waters (2 Ed.), sec. 223. (3) Judgment in a suit at law is not necessary before obtaining an injunction in any action for a nuisance, unless a question of title is involved, or the right itself is doubted. Hayden v. Tucker, 37 Mo. 214; Barnett v. Greenwood Cemetery, 159 Ill. 385. (4) Even if other things contribute to the pollution of a stream of water, an injunction will not for that reason be refused. Gould on Waters (2 Ed.), sec. 544. (5) A corruption of water will be enjoined if it causes injury to plaintiff in any rightful use of the water, as by rendering it unfit for domestic use or for the drink of cattle. Gould on Waters (2 Ed.), sec. 544 and cases cited. (6) Before prescription can be invoked, it must be clearly shown by the party asserting it, that he or his predecessors have openly done the same thing complained of for the full period of limitation; that they always did it in the same manner without interruption, and the evil effects have always been the same. 16 Am. and Eng. Ency. of Law (1 Ed.), 996, and cases cited; Gould on Waters (2 Ed.), 345, 346. (7) Before a right by prescription can be created, the act complained of must have been actionable from the commencement of the period relied on. 16 Am. and Eng. Ency. of Law (1 Ed.), 997 and 998, and cases cited. (8) The difficulties attending the getting rid of the refuse and offal of defendant's distillery will not be considered by the court. Gould on Waters (2 Ed.), sec. 223-529; Attorney-General v. Asylum, 4 L. R. Ch. App. 146-153; Spokes v. Banberg, 1 L. R. Eq. 42. (9) Plaintiff's knowledge that improvements were being made on the distillery property will not estop him from asserting his rights, especially as pollution of the water by discharges from the distillery had been restrained while in the hands of defendant's immediate grantor. He had a right to assume that defendant would not violate the former injunction. A party is not estopped by silence where there is no duty to speak. Spurlock v. Sproule, 72

Mo. 503; Frederick v. Railroad, 82 Mo. 402; Corley v. Lancaster, 81 Ky. 171.

BROADDUS, J.—This is an injunction proceeding to restrain the defendant from polluting the waters of a certain stream that runs through the plaintiff's land. The defendant is the owner and operator of a distillery situated on said stream above the lands of the plaintiff. The judgment of the trial court was in favor of the plaintiff and a restraining order was issued from which the defendant appealed. The stream in question, after flowing through defendant's premises and one or two other owners of land, reaches plaintiff's land. The stillhouse in question has been in operation on a small scale more or less for about forty years. At this stillhouse are distilled, in certain months of the year (in the winter and spring) whiskey made from grain, and brandy made from apples. The plaintiff claimed that the offal from said stillhouse that was run into the stream polluted its waters to such an extent as to render it unfit for domestic use and for drinking water for his animals. This is denied by the defendant, who pleads the right to run the refuse of his still into the stream by prescription, and that the plaintiff by his conduct is estopped from complaining of the alleged pollution of said waters. There was evidence on both sides of the controversy, the plaintiff and his witnesses testifying in the most unqualified terms that the refuse, particularly of the apples distilled, made the water of the stream so foul and stinking at times that neither men nor animals could use it; on the other hand, defendant's evidence was equally as positive that the said refuse did not befoul said water; on the contrary, it did not make it unpleasant for man; and that it gave it an appetizing effect on the beast. Such being the character of evidence on both sides we will not review it, the judge who tried the case below being much better qualified to weigh the force of the

testimony than we are, as he had all the witnesses before him and could weigh their evidence and give to each that degree of credit he was entitled to.

For the reason that the defendant and his grantors had been using said stream for the purpose of disposing of the refuse of the distillery during so many years, he claims that he has the prescriptive right to continue to so use it. It is not denied that such a right may be acquired. But it is asserted, as a matter of fact, that until within a few years last past the right heretofore enjoyed by the owners of said distillery was so exercised as not to render the waters of said stream unfit for use. In July, 1900, the defendant became the owner of the distillery property, purchasing the same from one Joffee. The testimony is to the effect that there was no complaint made, until shortly before defendant so purchased of said Joffee, of any bad effect upon the water of the stream by reason of its use in carrying away the refuse of the distillery, and that its use during all the previous years for such purpose had not in any material respect rendered the water unwholesome for use to other proprietors owning servient lands through which the stream flowed. And this evidence stood uncontradicted. Such being the case the defendant acquired no prescriptive right to pollute the waters. The rights enjoyed for so many years to use the stream for running off the refuse of the distillery being of such a nature as not to interfere with the lower proprietors, was not a prescriptive right but a property right belonging to the fee vested in the owners of the land. It was a part of the estate itself. Every owner has the right to use a stream of water flowing through his premises in such a manner as not to interfere with its use by his neighbors through whose lands it also flows.

It was shown by defendant by way of estoppel that when he bought the property in July, 1900, he proceeded to make extensions and costly improvements for the purpose of facilitating the business of distilling; and that the plaintiff had

Schumacher v. Shawhan.

full knowledge that he was making such improvements, and of their purpose, all of which was done without plaintiff's protest or notice that defendant would not be permitted the use of the stream to discharge the refuse of his distillery. We can not see how such conduct on the part of the plaintiff would act as an estoppel. To so hold would be to assume that when the plaintiff saw the defendant making said improvements he knew that he was preparing to commit a nuisance and that by his silence he must be presumed to have given his consent. We think that the presumption would be to the contrary and that one improving his own property was doing it for a lawful purpose and not for the purpose of injuring his neighbor. Had defendant disclosed his purpose to plaintiff, and that the business he intended to carry on would render the water in the stream unfit for use, and had plaintiff acquiesced, then he would have been estopped. But he did not disclose any such purpose. In fact, he is in court at this time asserting that the use to which he puts said stream does not render it unfit for use. This attitude, to say the least of it, is inconsistent and untenable. For it is not consistent to plead that he did not do a thing and at the same time assert that plaintiff consented that he might do it.

The judgment making the injunction perpetual is such as not to interfere with the defendant's use of the stream for the purpose of carrying off the refuse of his distillery, but to restrain him from using it in such a way as to render its use unfit for stock; and if it has been so used for so many years without impairing its usefulness, we do not see that defendant has any ground for complaint. The cause is affirmed. All concur.